UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE JORDAN,

    Plaintiff,

v.

UNITED STATES BUREAU OF PRISONS

    Defendant.

Civil Action No. 3:12-CV-2509

(Judge Kosik)

## MEMORANDUM

Plaintiff initiated this action by filing a *Bivens*[1] civil rights Complaint on December 17, 2012. (Doc. 1). Plaintiff paid the full filing fee in this case. (Doc. 4). Before the Court are Plaintiff's objections to the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt dated January 14, 2013. (Doc. 7). For the reasons which follow, we will adopt, in part, the R&R of the Magistrate Judge and we will remand this matter to the Magistrate Judge for further proceedings.[2]

### Background and Procedural History

This case has a convoluted procedural history which the Magistrate Judge describes in detail in his R&R. For purposes of brevity, we will not reiterate the history here, except to note that the Magistrate Judge screened the Complaint under the PLRA. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny,* 568 F. Supp. 2d 579, 589 (W.D. Pa. 2008).

The Magistrate Judge summarizes Plaintiff's Complaint as follows:

---

[1] A *Bivens v. Six Unknown Named Agents of Fed. Bur of Narcotics,* 403 U.S. 388 (1971), civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. *See Paton v. LaPrade,* 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller,* 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane,* 809 F.Supp. 1185, 1200, n. 16 (M.D. Pa. 1992); *Mitchell v. Dodrill,* 696 F. Supp. 2d 454, 457, n. 1 (M.D. Pa. 2010) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir. 2004)). To state a claim under *Bivens,* Plaintiff must allege that he was deprived of a federal right by a person who was acting under color of federal law. *See Young v. Keohane,* 809 F.Supp. at 1199; *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

[2] After the filing of the R&R, Plaintiff also filed a motion to appoint counsel (Doc. 9) and a motion to extend time for a preliminary hearing (Doc. 11). Because we are dismissing Plaintiff's Complaint, we will deny these motions as moot. Plaintiff may re-raise any of these issues after amending his Complaint.

In his present pleading, Doc. 1, pp. 1-6, Plaintiff raises Eighth Amendment cruel and unusual punishment claims in relation to his conditions of confinement on two dates at USP-Lewisburg. Plaintiff states that he was being housed by himself at USP-Lewisburg in administrative custody in a "maximum security punitive program," seemingly the Special Management Unit ("SMU") Program. (Doc. 1, p. 2). Plaintiff states that he was 2/3 finished with the program. Plaintiff specifies two separate incidents in which he alleges that unnamed prison staff at USP-Lewisburg used excessive force on him and, unlawfully restrained him and kept him in restraints. The first incident occurred on September 16, 2012 and the second incident occurred on October 9, 2012.

Plaintiff states that on September 16, 2012, while he was in his cell, unnamed USP-Lewisburg prison personnel brought another inmate to be his cell-mate without giving Plaintiff the other inmate's background. Plaintiff states that unnamed USP-Lewisburg prison staff were trying to force him to take a cell-mate. (Id., p. 4). Plaintiff told corrections officers that having another man in his cell "was not going to work." According to the Plaintiff, the corrections officers then threatened him with their "devil tactic." Plaintiff states that the corrections officers left and came back with a "team" of corrections officers. Plaintiff further states that upon the arrival of the "team," they asked if they could handcuff him. Plaintiff further states that he walked toward the back of his cell as directed, and corrections officers cuffed him.

Plaintiff states that the corrections officers had him in restraints for about 24 hours. Plaintiff further states that unnamed USP-Lewisburg prison improperly placed the restraints on him to cause him pain and that he had "excruciating and unbearable" pain due to the way he was restrained. Plaintiff avers that unnamed USP-Lewisburg prison "tied [him] up like a beast with excruciating [and] unbearable pain to enforce orders [and] means of submission." (Id., p. 5).

Plaintiff states that about three weeks later, on October 9, 2012, he was again taken to a security cage so that his cell could be searched by USP-Lewisburg prison staff. When Plaintiff was taken back to his cell, he states that he was still in handcuffs and directed to go to the back of his cell, face forward. Plaintiff asked why and he was told that another inmate was going to be celled with Plaintiff. Unnamed prison personnel then brought another inmate to be Plaintiff's cell-mate. Plaintiff told the unnamed corrections officers that having another man in his cell "was not going to work" and that since he was in a "maximum security punitive program" with extremely violent inmates "nobody is suppose (sic) to have a celly." (Id.). Plaintiff states that neither his safety nor the safety of the other inmate was considered by prison staff and, that their backgrounds and possible gang separations were not considered before deciding to make them cell-mates.

Plaintiff states that after he raised his concerns, the other inmate did not want to enter his cell. Plaintiff avers that the unnamed prison staff [tried] to make the other inmate enter Plaintiff's cell, and that Plaintiff then felt his safety and the other inmate's safety were being jeopardized and that he spoke out about staff violating the rights of the other inmate. Plaintiff then avers that the staff took the other inmate away and as punishment for his speaking out, staff messed up his cell and left him in handcuffs in his cell with his hands behind his back "unable to perform normal human functions like using the bathroom and eating for about 30 min[utes]." (Id.).

According to the Plaintiff, the unnamed corrections officers then returned to his cell

2

with more "vindictive shenanigans." Plaintiff states that the unnamed corrections officers came back to his cell with a "team" of corrections officers and with a camera. Unnamed corrections officers asked Plaintiff if he was going to resist their team, and he stated that he was in handcuffs and could not resist. (Id., pp. 2-3). Plaintiff further states that the "team" then entered his cell and that he was placed in paper clothes and put in hand restraints, shackles, handcuffs and a waist chain. Plaintiff states that the unnamed corrections officers improperly used the restraints to cause him pain, including using the handcuffs to cut blood circulation in hands and damage the nerve in his right wrist and that he received metal burns from having the restraints put on too tightly. (Id., p. 3). Plaintiff further states that he had "excruciating and unbearable" pain due to the way he was restrained.

Plaintiff then states that the unnamed corrections officers kept him in restraints for about 24 hours. Plaintiff alleges that the cell he was placed in had no sheets or blankets and that the window was open despite being in the middle of October [2012]. (Id.).

Plaintiff avers that he received permanent nerve damage to his hand and psychological damage due the use of restraints by unnamed prison staff to inflict pain on him to enforce their rules.

Plaintiff names as the sole Defendant the United States Bureau of Prisons, located at the United States Penitentiary Lewisburg. Plaintiff raises Eighth Amendment claims for cruel and unusual punishment in relation to the conditions of his confinement on September 16, 2012 and October 9, 2012. As relief, Plaintiff requests monetary compensation for physical pain and emotional damage. Plaintiff has also requests to be transferred to a medical facility where he can receive surgery and medical treatment for his injuries. Plaintiff does not name any individual staff member of USP-Lewisburg as a Defendant, and he does not indicate if he is suing any Defendant in his official and/or personal capacities.[3] Plaintiff seeks a specific amount of monetary damages, i.e., $250,000, in his Complaint. (Id., p. 3). Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., we will recommend that Plaintiff's request for specific monetary damages be stricken from his Complaint.

This Court has jurisdiction over Plaintiff's *Bivens* civil rights action pursuant to 28 U.S.C. § 1331. See *Butz*, supra.

(Doc. 6, p. 4-7).

---

[3] As the Magistrate Judge points out:

In a *Bivens* suit, Plaintiff cannot sue an individual federal Defendant for damages in his or her official capacity. Sovereign immunity bars Plaintiff from bringing a *Bivens* action for money damages against a Defendant in his or her official capacity as a federal agent. See *FDIC v. Meyer*, 501 U.S. 471, 475 (1994); *Lewal v. Ali*, 289 Fed.Appx. 515, 516 (3d Cir. 2008). Thus, insofar as Plaintiff is deemed as seeking damages against any individual Defendant in his or her official capacity, such claim should be dismissed with prejudice. Based on settled case law, we find futility of an amended pleading to sue any individual Defendant for damages in his or her official capacity.

(Doc. 7, fn. 4)

**Standards of Review**

## I. Objections to the Report and Recommendation

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks*, 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). We read Plaintiff's filings liberally because of his pro se status.

## II. Screening Pursuant to 28 U.S.C. § 1915(A)

Section 1915A of Title 28 of the United States Code allows the Court to assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). This exact same language is used in Rule 12(b)(6) of the Federal Rules of Civil Procedure which states that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A well-pleaded complaint must contain more than mere legal labels and conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A complaint must recite factual allegations sufficient to show that plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Rule 8(a) of the Federal Rules of Civil Procedure goes on to explain that a "short and plain statement of the claim showing that the

pleader is entitled to relief" is also needed. Fed. R. Civ. P. 8(a).

## Discussion

### I. Exhaustion

In his R&R, the Magistrate Judge recommends dismissing Plaintiff's Complaint for a variety of reasons. First, the Magistrate Judge recommends dismissal because Plaintiff admits that he has failed to exhaust his BOP administrative remedies with respect to his instant Eighth Amendment claims. (Doc. 7, p. 11-16). Plaintiff objects to the Magistrate Judge's recommendation, acknowledging that he has not exhausted his administrative remedies, but explaining that he has not received a response when he tried to pursue administrative remedies. (Doc. 9, p. 1). Plaintiff also states that

> Following [the] failure to [respond], [Plaintiff] was met with resistance on request forms [and] retaliated against with actions such as administrative messing [Plaintiff's] room up (shakedown), threatening [Plaintiff] therefore [Plaintiff] was in fear of [his] safety. In as much [Plaintiff] was in fear of [his] safety and no remedy would have rectified [the] events that took place [Plaintiff] did not want to antagonize [his] situation anymore on the current level it was on, so [Plaintiff] felt it was immident (sic) [he] went to the higher level authority.

(*Id.*) (sic.).

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available

5

administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F. 3d 109, 111 (3d Cir. 2002). However, as the Magistrate Judge explains,

> In screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss without prejudice Plaintiff's action regarding his constitutional claims which are not yet exhausted because his Complaint makes clear that he has not commenced the BOP administrative remedy process. (Doc. 1, p. 1). *See Jones v. Lorady*, 2011 WL 2461982 (M.D. Pa. 6-17-11) (*citing McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10)).

(Doc. 7, p. 11).

We take judicial notice that the BOP had an administrative remedy policy at USP-Lewisburg during the relevant times of this case. *See Cooper v. Sniezek*, 2010 WL 3528848, *7-*8 (M.D. Pa. 2010); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 463-64 (M.D. Pa. 2010). In his Complaint, Plaintiff states that he did not exhaust his administrative remedies, appearing to argue that doing such would be inconsequential and ineffective.[4] (Doc. 1, p. 1). In his objections, Plaintiff goes further explaining that his initial attempt to exhaust his remedies was not answered and that his attempts to exhaust his administrative remedies have been met with resistance, retaliation, threats, and again, reiterating that he feel that any remedy he would receive would be ineffective. (Doc. 9, p. 1). On the face of the Complaint, it appears Plaintiff has not exhausted his remedies because he finds it futile. However, this is not an excuse for failure to exhaust administrative remedies. Plaintiff's vague allegations concerning the availability of the administrative remedies to Plaintiff may, in certain specific circumstances, excuse exhaustion. We note however, that this is a difficult standard to meet.

Based on Plaintiff's objections, his *pro se* status, and the posture of the case, we will not dismiss the Complaint based solely on his failure to exhaust his administrative remedies at this time. Because there are deficiencies in his Complaint as set forth below, we will give Plaintiff an opportunity to amend his complaint and to explain more fully his failure to

---

[4]The Magistrate Judge points out that Plaintiff indicates he is excused from exhaustion since the only remedy for his alleged injuries is money damages. (Doc. 7, p. 14; Doc. 1, p. 1). We agree with the findings of the Magistrate Judge that this does not excuse Plaintiff's exhaustion because exhaustion is required regardless of the relief sough. (Doc. 7, p. 14-16).

6

exhaust his administrative remedies.

## II. Defendant BOP Lewisburg

The Magistrate Judge also recommends that Defendant BOP Lewisburg be dismissed with prejudice from the Complaint because the BOP is not a proper Defendant in a *Bivens* action. (Doc. 7, p. 16). Plaintiff objects explaining that, because the members of the team who entered his cell and violated his civil rights were wearing masks, he cannot identify the individual defendants without discovery from the institution. (Doc. 9, p. 2).

The case-law on this issue is well-settled, the BOP is not a proper Defendant in a *Bivens* action. *See FDIC v. Meyer,* 510 U.S. 471, 477-78 (1994); *Njos v. BOP,* Civil No. 12-1251, M.D. Pa., January 8, 2013 Memorandum and Order (J. Kosik) (Court dismissed with prejudice Plaintiff's inmate's constitutional claims in a *Bivens* action against the BOP). We recognize Plaintiff's objections that he cannot identify the proper defendants because of the masks they were wearing. However, this does not permit Plaintiff's naming of Defendant BOP Lewisburg as the sole defendant in this claim.

We will adopt the recommendation of the Magistrate Judge and we will dismiss Defendant BOP Lewisburg from the action. Because Plaintiff has not named a proper defendant, we must dismiss his Complaint. Based on his objections and his *pro se* status, however, we will allow Plaintiff time to amend his Complaint to name proper defendants.[5]

## III. Plaintiff's Request for Transfer to a Medical Facility

The Magistrate Judge recommends we dismiss Plaintiff's request to be transferred by the BOP to a medical facility. (Doc. 7, p. 17). The Magistrate Judge explains that Plaintiff has no constitutional right to confinement in any particular prison, facility, or rehabilitative program, nor any constitutional right to any particular classification or custody level in prison. (*Id.*); *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) *and Wilson v. Horn,* 971 F. Supp.

---

[5]We note that Plaintiff is initially allowed to identify defendants as "John Doe" defendants. However, he will eventually need to accurately identify these defendants by their actual names.

943, 947 (E.D. Pa. 1997). Plaintiff objects explaining that the sentencing judge ordered him to be housed in an institution where he can be accommodated medically.[6] (Doc. 9, p.2). Plaintiff also states that his right to proper medical treatment and care is being violated.[7] (*Id.*).

We will adopt the recommendation of the Magistrate Judge and we will dismiss Plaintiff's request to be transferred by the BOP to a medical facility. The law is well settled that Plaintiff has no constitutional right to confinement in any particular prison, facility, or rehabilitative program, nor any constitutional right to any particular classification or custody level in prison. *See Olim v. Wakinekona,* 461 at 245 *and Wilson,* 971 F. Supp. at 947. Plaintiff's request for transfer to a medical facility will be dismissed.

### IV. Eighth Amendment Conditions of Confinement

In the R&R, the Magistrate Judge construes Plaintiff's Complaint as alleging violations of the Eighth Amendment prohibition against cruel and unusual punishment conditions of confinement, specifically that prison officials do not house inmates under conditions that deprive them of one or more basic human needs, such as the need for reasonable safety, adequately physical space, and the need for some degree of ventilation. (Doc. 7, p. 17-21); *See also Helling v. McKinney,* 509 U.S. 25, 32 (1993). The Magistrate Judge recommends dismissing Plaintiff's Eighth Amendment conditions of confinement claim without prejudice, to re-file after he exhausts his BOP administrative remedies. The Magistrate Judge also finds that Plaintiff's Eighth Amendment conditions of confinement claim is not sufficient because Plaintiff failed to allege: "(1) that the deprivation alleged was objectively, sufficiently serious; and (2) that any properly named individual Defendant who

---

[6]While sentencing Judges may make recommendations as to inmate placement, these recommendations are just that, recommendations and not orders, as Plaintiff attempts to characterize it. The BOP may attempt to satisfy the recommendation, but only if the recommendation is consistent with policies and/or sound correctional management. *See* BOP Program Statement P5100.08, Inmate Security Designation and Custody Classification.

[7]If Plaintiff finds his right to proper medical care and treatment is being violated, he is free to file a separate action alleging how his rights are being violated. However, even then, relief in the form of a transfer to a medical facility will not be appropriate.

was one of the unnamed staff at USP-Lewisburg involved with the two incidents described above acted with deliberate indifference to an excessive risk to his health and/or safety as required by Farmer [v. Brennan, 511 U.S. 825, 834 (1994).]" (Doc. 7, p. 20). Defendant fails to address this recommendation in his objections.

We will accept the recommendation of the Magistrate Judge on the Eighth Amendment conditions of confinement claim.[8] Because we are dismissing the Complaint for failure to name a proper defendant, we will dismiss the Eighth Amendment claims, as they now appear. However, we note that Plaintiff will be allowed to amend his Complaint. In filing an amended complaint, Plaintiff should keep in mind the standards for bringing an Eighth Amendment *Bivens* claim, as discussed, in part, by the Magistrate Judge in his R&R.

### V. Plaintiff's Motion for Protective Order

On January 7, 2013, Plaintiff filed a Motion for Protective Order requesting that BOP provide him with "immediate single cell status." (Doc. 5). In the R&R, the Magistrate Judge recommends we deny this motion because "double-celling" is not *per se* unconstitutional and because the Court will not generally interfere with prison administration matters. (Doc. 7, p. 21). The Magistrate Judge also notes that the Court should give significant deference to judgments of prison officials regarding prison regulations, prison safety and prison administration. (*Id.*); *See Fraise v. Terhun*, 283 F.3d 506 (3d Cir. 2002); *Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.). Plaintiff objects to this recommendation arguing that he has a right to protect himself from prison inmates and staff, requesting that a captain escort him any time he comes in contact with administration, and explaining that the staff has a vendetta against him. (Doc. 9, p. 1-2). We do not find the Plaintiff's objections persuasive. We will adopt the Magistrate Judge's recommendation and findings of law. Plaintiff's Motion for Protective Order will be denied. (Doc. 5).

---

[8]We also note that, in addition to allegations that Plaintiff was housed under conditions that deprived him or one or more basic human needs, there also appears to be a claim for excessive force under the Eighth Amendment.

## VI. Plaintiff's Motion to Release Evidentiary Documents and Other Materials to the Courts and Plaintiff

On January 7, 2013, Plaintiff filed a motion entitled "Motion to Release Evidentiary Documents and Other Materials to the Court and Plaintiff." (Doc. 6). In the R&R, the Magistrate Judge recommends that we deny his request because "it is premature and since the information he requests must be made through a discovery request to any proper Defendants after he exhausts his BOP administrative remedies and after he re-files a proper Amended Complaint." (Doc. 7, p. 21-22). Plaintiff objects, arguing that his paperwork has been misplaced or missing and that he cannot get the evidence he needs for the case. We do not find Plaintiff's objections persuasive. We will adopt the recommendation of the Magistrate Judge and we will deny Plaintiff's motion. (Doc. 6). Plaintiff will have access to the discovery process after he filea a properly amended complaint.

## Conclusion

For the reasons stated above, we will adopt, in part, the R&R of the Magistrate Judge. Plaintiff's motion for protective order (Doc. 5), motion to release evidentiary documents and other materials to the Courts and Plaintiff (Doc. 6), motion to appoint counsel (Doc. 9), and motion to extend time for a preliminary hearing (Doc. 11) will be denied. Plaintiff's request for transfer to a medical facility will be dismissed with prejudice. Plaintiff's Complaint (Doc. 1) will be dismissed for the reasons outlined above. Plaintiff will be given twenty (20) days in which to file an amended complaint in accordance with this Memorandum. Plaintiff should be aware of the defects of his current Complaint as discussed above. Failure to file a timely amended complaint may result in dismissal of this action.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE JORDAN,

    Plaintiff,

v.

UNITED STATES BUREAU OF PRISONS

    Defendant.

Civil Action No. 3:12-CV-2509

(Judge Kosik)

## ORDER

AND NOW, this 19th day of March 2013, IT IS HEREBY ORDERED THAT:

1. The January 14, 2013 Report and Recommendation (Doc. 7) of Magistrate Judge Thomas M. Blewitt is ADOPTED, in part;

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 9) are OVERRULED, in part;

3. Plaintiff's motion for protective order (Doc. 5) is DENIED;

4. Plaintiff's motion to release evidentiary documents and other materials to the Courts and Plaintiff (Doc. 6) is DENIED;

5. Plaintiff's motion to appoint counsel (Doc. 9) is DENIED;

6. Plaintiff's motion to extend time for a preliminary hearing (Doc. 11) is DENIED;

7. Plaintiff's request for transfer to a medical facility is DISMISSED WITH PREJUDICE;

8. Plaintiff's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE; Plaintiff is allowed twenty (20) days from the date of this Order in which to file an amended complaint on his Eighth Amendment claims in accordance with the attached Memorandum;

9. Plaintiff is advised that failure to file a timely amended complaint may result in dismissal of this action; and

10. The above-captioned action is REMANDED to the Magistrate Judge for further proceedings.

Edwin M. Kosik
United States District Judge